UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------
NICASIO V. REYES,

                Plaintiff,

          v.

SPRINT HOLDINGS, LLC, OVAL HOLDINGS
LLC, ELI MAOR, ALESTER A. GARVEY,
WELLS FARGO BANK, N.A., *as Trustee for*
The MLMI TRUST SERIES 2005-FM1, GERALD
REYES, DIANE PETERSEN-MAOR and STATE
DEPARTMENT DIVISION OF LICENSING
OFFICE OF CORPORATION COUNSEL,

                Defendants.
------------------------------------------------------------------

NOT FOR PUBLICATION

**MEMORANDUM & ORDER**
17-CV-624 (MKB)

MARGO K. BRODIE, United States District Judge:

      Plaintiff Nicasio V. Reyes commenced the above-captioned action on February 3, 2017, against Defendants Sprint Holdings, LLC ("Sprint"), Oval Holdings LLC ("Oval"), Wells Fargo Bank, N.A., as trustee for the MLMI Trust Series 2005-FM1 ("Wells Fargo"), the State Department Division of Licensing Office of Corporation Counsel (the "Licensing Office"), Eli Maor, Diane Petersen-Maor, Gerald Reyes and Alester A. Garvey. (Compl., Docket Entry No. 1.) Plaintiff alleges that Defendants executed and recorded a fraudulent mortgage note on Plaintiff's property located at 857 Lafayette Street in Brooklyn, New York (the "Property"). (*Id.* ¶¶ 15–127.) Plaintiff seeks damages as well as declaratory and injunctive relief. (*Id.* ¶¶ 5, 12–14.) For the reasons discussed below, the Court dismisses the Complaint for lack of subject matter jurisdiction and grants Plaintiff leave to file an amended complaint within thirty (30) days of this Memorandum and Order.

## I. Background

On July 23, 2003, Plaintiff acquired the Property, a three-family home, from the United States Department of Housing and Urban Development. (Compl. ¶¶ 15–16; State Ct. Compl. 1–2, annexed to Compl. as Ex. E.) Plaintiff transferred the title to the Property to Reyes, Plaintiff's brother, on May 29, 2007. (Compl. ¶ 17; State Ct. Compl. 1–2; Reyes Deed Transfer, annexed to Compl. as Ex. D.) However, Plaintiff alleges that "Gerald Reyes was not, nor ever has been the actual owner. His sole purpose in holding title was based upon a familial fiduciary obligation owed specifically to Plaintiff." (Compl. ¶ 19.) On February 4, 2013, Reyes "conveyed the [] Property to [Oval] for $3,000." (*Id.* ¶ 41; Oval Deed Transfer, annexed to Compl. as Ex. C.) Plaintiff alleges that Oval then transferred the title to the Property to Sprint on August 2, 2013. (Compl. ¶ 58.)

On September 30, 2013, Reyes filed an action against Sprint, Oval, Wells Fargo, Maor and Garvey in New York Supreme Court, Kings County, seeking to quiet title to the Property on the basis that the deed was obtained fraudulently. (State Ct. Compl. 1–2, 7.) On March 17, 2016, the parties settled the state court action. (Compl. ¶ 60; State Ct. Settlement, annexed to Compl. as Ex. F.) Plaintiff was not a party in that action. Plaintiff alleges that the Defendants conspired to deprive Plaintiff of the Property and argues that "[a]ny and all subsequent deeds are the products of fraud and are void and voidable." (Compl. ¶ 89.) Plaintiff seeks damages of two million dollars. (*Id.* ¶ 126.)

Plaintiff invokes the Court's diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332.[1] (*Id.* ¶¶ 4-10.) Plaintiff is a resident and citizen of New York, (*id.* ¶ 8); Reyes is a

---

[1] Plaintiff also appears to have mistakenly cited the removal statute, 28 U.S.C. § 1441(a). (Compl. ¶ 2.)

resident and citizen of California, (*id.* ¶¶ 6–7); Sprint is a New York limited liability company, (*id.* ¶ 20); Oval is a New York limited liability company, (*id.* ¶ 21); Wells Fargo is a Defendant in its capacity as trustee of a "foreign trust," (*id.* ¶¶ 39–40); the Licensing Office is a New York corporation, (*id.* ¶ 27); Maor is a New York citizen and resident as well as the "principal owner of [] Sprint and Oval," (*id.* ¶¶ 23–24); and Petersen-Maor and Garvey are New York residents being sued in their capacities as a "duly licensed notary public[s]," (*id.* ¶¶ 25–26).

## II. Discussion

### a. Standard of review

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. In reviewing a *pro se* complaint, the court must be mindful that a plaintiff's pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that even after *Twombly*, the court "remain[s] obligated to construe a *pro se* complaint liberally").

Nevertheless, if the Court "determines at any time that it lacks subject-matter jurisdiction, the Court must dismiss the action." Fed. R. Civ. P. 12(h)(3); *see also Cortlandt St. Recovery Corp. v. Hellas Telecomms., S.À.R.L.*, 790 F.3d 411, 416–17 (2d Cir. 2015) (holding that a district court may dismiss an action for lack of subject matter jurisdiction pursuant to Rule

12(b)(1) when the court "lacks the statutory or constitutional power to adjudicate it" (quoting *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000))).

      **b. Subject matter jurisdiction**

Federal courts are courts of limited jurisdiction and may not hear cases if they lack subject matter jurisdiction over the issues presented. *Lyndonville Sav. Bank & Trust Co. v. Lussier*, 211 F.3d 697, 700–01 (2d Cir. 2000). The statutory provisions for federal subject matter jurisdiction are contained in 28 U.S.C. §§ 1331 and 1332. Under the diversity jurisdiction statute, federal courts have subject matter jurisdiction over state law claims where the plaintiff and defendant are of diverse citizenship and "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a); *see also Bayerische Landesbank, N.Y. Branch v. Aladdin Capital Mgmt. LLC*, 692 F.3d 42, 48 (2d Cir. 2012). For a federal court to exercise subject matter jurisdiction based on diversity, there must be complete diversity of citizenship between all plaintiffs and all defendants. *Pa. Pub. Sch. Emps.' Ret. Sys. v. Morgan Stanley & Co.*, 772 F.3d 111, 117–18 (2d Cir. 2014) ("Subject matter jurisdiction is based on 28 U.S.C. § 1332, which requires 'complete diversity,' i.e. all plaintiffs must be citizens of states diverse from those of all defendants."); *Lovejoy v. Watson*, 475 F. App'x 792, 792 (2d Cir. 2012) ("The complaint alleged that [the plaintiff] and the defendant resided in New York, thereby precluding diversity jurisdiction."). For purposes of diversity of citizenship, a corporation is a citizen of its state of incorporation and the state of its principal place of business. 28 U.S.C. § 1332(c)(1); *see also Bayerische Landesbank*, 692 F.3d at 48.

Based on the allegations in the Complaint, Plaintiff, Sprint, Oval, the Licensing Office, Maor, Petersen-Maor and Garvey are all New York residents. (Compl. ¶¶ 8, 20–21, 23–27, 39–40.) Thus, complete diversity is lacking. *See Pa. Pub. Sch. Emps.' Ret. Sys.*, 772 F.3d at 117–18

4

("Subject matter jurisdiction is based on 28 U.S.C. § 1332, which requires 'complete diversity,' i.e. all plaintiffs must be citizens of states diverse from those of all defendants."); *Lovejoy*, 475 F. App'x at 792 ("The complaint alleged that [the plaintiff] and the defendant resided in New York, thereby precluding diversity jurisdiction."); *Bayerische Landesbank*, 692 F.3d at 48 (holding that companies are resident of their states of incorporation and principal places of business). Accordingly, the Court dismisses the Complaint for lack of subject matter jurisdiction. *See* 28 U.S.C. § 1915(e)(2)(b); Fed. R. Civ. P. 12(h)(3).

However, in light of Plaintiff's *pro se* status, the Court grants Plaintiff leave to file an amended complaint within thirty (30) days of this Memorandum and Order. *See Pearson v. Reid-Robinson*, 632 F. App'x 19, 19 (2d Cir. 2016) (holding that courts should allow "plaintiffs to amend complaints to drop dispensable nondiverse defendants whose presence would defeat diversity of citizenship." (internal quotation marks omitted) (citing *Jaser v. New York Prop. Ins. Underwriting Ass'n*, 815 F.2d 240, 243 (2d Cir. 1987))). Plaintiff is advised that the amended complaint will completely replace the original complaint, must be captioned, "Amended Complaint," and must bear the same docket number as this Memorandum and Order. If Plaintiff intends to invoke the Court's diversity jurisdiction over this action, he must establish complete diversity of citizenship among himself and each Defendant named in the amended complaint, meaning that no Defendant can be a resident of the same state as Plaintiff. If Plaintiff fails to file an amended complaint within the time allowed, the Court will dismiss this action for the reasons set forth above.

## III. Conclusion

For the foregoing reasons, the Court dismisses the Complaint for lack of subject matter jurisdiction pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure. The Court grants Plaintiff leave to file an amended complaint with thirty (30) days of the date of this Memorandum and Order.

SO ORDERED:

    s/ MKB
MARGO K. BRODIE
United States District Judge

Dated: April 10, 2017
       Brooklyn, New York