UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------

NICASIO V. REYES,

                      Plaintiff,

           v.

SPRINT HOLDINGS, LLC, OVAL HOLDINGS
LLC, ELI MAOR, ALESTER A. GARVEY,
WELLS FARGO BANK, N.A., *as Trustee for*
THE MLMI TRUST SERIES 2005-FMI, GERALD
REYES, DIANE PETERSEN-MAOR and STATE
DEPARTMENT DIVISION OF LICENSING
OFFICE OF CORPORATION COUNSEL,

                      Defendants.

**MEMORANDUM & ORDER**
17-CV-624 (MKB)

---------------------------------------------------------------

MARGO K. BRODIE, United States District Judge:

      Plaintiff Nicasio V. Reyes, proceeding *pro se*, commenced the above-captioned action on February 3, 2017, against Defendants Sprint Holdings, LLC ("Sprint"), Oval Holdings LLC ("Oval"), Eli Maor, Alester A. Garvey, Wells Fargo Bank, N.A., as trustee for the MLMI Trust Series 2005-FM1 ("Wells Fargo"), Gerald Reyes, Diane Petersen-Maor, and the State Department Division of Licensing Office of Corporation Counsel (the "Licensing Office"),[1] alleging the fraudulent conveyance of his property located at 857 Lafayette Street in Brooklyn, New York (the "Property"). (Compl., Docket Entry No. 1.) Plaintiff sought damages as well as declaratory and injunctive relief pursuant to the New York Real Property Actions and

---

[1] Although Plaintiff names the Licensing Office as the "State Department Division of Licensing Office of Corporation Counsel," (Am. Compl., Docket Entry No. 12), Defendant identifies itself as the "Division of Licensing Services of the Department of the State of the State of New York," (Licensing Office Def. Mot. to Dismiss ("Licensing Office Mot."), Docket Entry No. 26; Licensing Office Def. Mem. in Supp. of Licensing Office Mot. ("Licensing Office Mem."), Docket Entry No. 26-4).

Proceedings Law, §§ 1501 *et seq.*, ("RPAPL"). (*Id.* ¶¶ 1, 5, 12–14.) Because of the lack of complete diversity of citizenship between the parties, the Court dismissed the Complaint *sua sponte* for lack of subject matter jurisdiction by Memorandum and Order dated April 10, 2017. ("April 2017 Decision," Docket Entry No. 5.) The Court granted Plaintiff leave to amend the Complaint to cure all jurisdictional defects within thirty (30) days of the April 2017 Decision. (*Id.*)

Plaintiff filed an Amended Complaint against the same parties, asserting the same claims and requests for relief on July 5, 2017.[2] (Am. Compl. ¶¶ 1, 5 12–128, Docket Entry No. 12.) On September 29, 2017, Defendants Sprint, Oval, Maor, Petersen-Maor,[3] Wells Fargo,[4] and Licensing Office[5] moved to dismiss the Amended Complaint for lack of subject matter jurisdiction and personal jurisdiction, insufficient service of process, and for failure to state a claim pursuant to Rules 12(b)(1), (2), (5), and (6), respectively of the Federal Rules of Civil Procedure. On October 31, 2017, Plaintiff opposed the motions, and also filed a cross-motion

---

[2] Plaintiff moved to a new address and failed to inform the Court of the change in address. (Order dated June 6, 2016, Docket Entry No. 9.) As a result, Plaintiff did not receive the originally mailed copy of the April 2017 Decision. (*Id.*) The Court granted Plaintiff an extension of time to file the Amended Complaint. (Order dated June 6, 2017.)

[3] Defendants Sprint, Oval, Maor, and Petersen filed a joint motion to dismiss pursuant to Rule 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. (Sprint, Oval, Maor, and Peterson Defs. Mot. to Dismiss ("Sprint Mot."), Docket Entry No. 25; Sprint, Oval, Maor, and Peterson Defs. Mem. in Supp. of Sprint Mot. ("Sprint Mem."), Docket Entry No. 25-3.)

[4] Defendant Wells Fargo moved for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. (Wells Fargo Def. Mot. for J. on the Pleadings ("Wells Fargo Mot."), Docket Entry No. 27; Wells Fargo Def. Mem. in Supp. of Wells Fargo Mot. ("Wells Fargo Mem."), Docket Entry No. 27-9.)

[5] Defendant Licensing Office moved to dismiss pursuant to Rules 12(b)(1), (2), and (5) of the Federal Rules of Civil Procedure. (Licensing Office Mot.; Licensing Office Mem.)

for default judgment against Defendant Gerald Reyes.[6] For the reasons discussed below, the Court dismisses the Amended Complaint without prejudice for lack of subject matter jurisdiction.

I. Background

On July 23, 2003, Plaintiff acquired the Property, a three-family home, from the United States Department of Housing and Urban Development.[7] (*Id.* ¶¶ 15–16; Gerald Reyes State Ct. Compl. 1–2, annexed to Am. Compl. as Ex. E.)[8] Plaintiff transferred title to the Property to Gerald Reyes, his cousin,[9] on May 29, 2007.[10] (Am. Compl. ¶ 17; State Ct. Compl. 1–2; Reyes

---

[6] For ease of reference, the Court refers to Plaintiff's submission as an opposition to Defendants' motions. (Pl. Opp'n to Defs. Mots. ("Pl. Opp'n"), Docket Entry No. 31.) Plaintiff titled his submission as an "affidavit in opposition to summary judgment [and] cross motion for default judgment." (*Id.*)

[7] In considering motions to dismiss, the Court is generally required to assume the truth of the facts alleged in the complaint. However, in considering whether diversity jurisdiction exists, the Court may also consider materials beyond the complaint. *See In re Petition of Germain*, 824 F.3d 258, 261 (2d Cir. 2016) ("It is . . . well established that when the question is subject matter jurisdiction, the court is permitted to rely on information beyond the face of the complaint." (citation omitted)).

[8] The allegations in the Complaint and Amended Complaint are largely identical other than the change as to Plaintiff's purported domicile. (*Compare* Compl. *with* Am. Compl.) Because Plaintiff is proceeding *pro se*, the Court also considers the factual allegations in Plaintiff's opposition to the motions. *See, e.g.*, *Walker v. Schult*, 717 F.3d 119, 122 n.1 (2d Cir. 2013) ("A district court deciding a motion to dismiss may consider factual allegations made by a *pro se* party in his papers opposing the motion."); *Small v. Ortlieb*, No. 10-CV-1616, 2012 WL 3229298, at *1 (E.D.N.Y. Aug. 6, 2012) ("[A]s part of this [c]ourt's duty to construe *pro se* pleadings liberally, the [c]ourt will take account of all the facts contained in both [the plaintiff's] amended complaint and his opposition papers." (citation omitted)).

[9] Plaintiff identifies Defendant Gerald Reyes as his cousin. (*See* Verification, annexed to Amended Compl.) However, Gerald Reyes described Plaintiff as his brother. (*See* Gerald Reyes State Ct. Compl. 1.)

[10] In light of Plaintiff's *pro se* status, the Court construes the Amended Complaint to be asserting claims against all conveyances of the Property, including that to Defendant Gerald

3

Deed Transfer, annexed to Am. Compl. as Ex. D.) "Gerald Reyes was not, nor ever has been the actual owner." (Am. Compl. ¶ 19.) Rather, Gerald Reyes' "sole purpose in holding title was based upon a familial fiduciary obligation owed specifically to Plaintiff." (*Id.*) On February 4, 2013, Gerald Reyes "conveyed the . . . Property to Oval for the sum of [$]3,000." (*Id.* ¶ 41; Oval Deed Transfer, annexed to Am. Compl. as Ex. C.) Oval then transferred title to the Property to Sprint on August 2, 2013. (Am. Compl. ¶ 58.)

On September 30, 2013, Gerald Reyes filed an action against Sprint, Oval, Maor, Garvey, and Wells Fargo in New York Supreme Court, Kings County, seeking to quiet title to the Property on the basis that the deed was obtained fraudulently (the "State Action"). (State Ct. Compl. 1–2, 7.) On March 17, 2016, the parties settled the State Action. (Am. Compl. ¶ 60; State Ct. Settlement, annexed to Am. Compl. as Ex. F.) Plaintiff was not a party to that action, and asserts that Defendants conspired to deprive him of the Property through the State Action, including by the resulting settlement agreement. (Am. Compl. ¶ 91.) Plaintiff contends that "[a]ny and all subsequent deeds are the product[] of fraud and are void and voidable." (*Id.*) Accordingly, Plaintiff seeks punitive and actual damages in the amount of $14,700,000.00, and demands the restoration of his title to the Property. (*Id.* ¶ 128.)

Plaintiff invokes the Court's diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332.[11] (*Id.* ¶¶ 4–10.) Plaintiff alleges that he now resides and is a citizen of South Carolina, (*id.* ¶¶ 8–9, 90); Sprint is a New York limited liability company, (*id.* ¶ 20); Oval is a New York

---

Reyes. (*See also* Am. Compl. 19 (explaining that Gerald Reyes was never the actual owner of the Property).)

[11] Plaintiff also appears to have mistakenly cited the removal statute, 28 U.S.C. § 1441(a). (Am. Compl. ¶ 2.)

4

limited liability company,[12] (*id.* ¶ 21); Maor is a New York citizen and resident as well as the "principal owner of . . . Sprint and Oval," (*id.* ¶¶ 23–24); Garvey is a New York resident being sued in his capacity as a "duly licensed notary public," (*id.* ¶¶ 25); Wells Fargo is a Defendant in its capacity as trustee of a "foreign trust," (*id.* ¶¶ 39–40); Gerald Reyes is a resident and citizen of California, (*id.* ¶¶ 6–7); Peterson-Maor is a New York resident being sued in her capacity as a "duly licensed notary public," (*id.* ¶¶ 26); the Licensing Office is a New York corporation, (*id.* ¶ 27).

## II. Discussion

### a. Standard of review

Federal courts are courts of limited jurisdiction and may not hear cases if they lack subject matter jurisdiction over the issues presented. *Lyndonville Sav. Bank & Trust Co. v. Lussier*, 211 F.3d 697, 700–01 (2d Cir. 2000). The statutory provisions for federal subject matter jurisdiction are contained in 28 U.S.C. §§ 1331 and 1332. Federal question jurisdiction provides federal courts jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." *Bounds v. Pine Belt Mental Health Care Res.*, 593 F.3d 209, 215 (2d Cir. 2010) (quoting 28 U.S.C. § 1331). A plaintiff properly invokes section 1331 jurisdiction when he pleads a colorable claim "arising under" the Constitution or laws of the United States. Under the diversity jurisdiction statute, federal courts have subject matter jurisdiction over state law claims where the plaintiff and defendant are of diverse citizenship and "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a); *see also Bayerische Landesbank, N.Y. Branch v. Aladdin Capital Mgmt. LLC*, 692 F.3d 42, 48 (2d

---

[12] As to Sprint and Oval, the Court understands Plaintiff to be asserting that at least one of the members of those limited liability company Defendants are citizens of New York.

5

Cir. 2012).

For a federal court to exercise subject matter jurisdiction based on diversity, there must be complete diversity of citizenship between all plaintiffs and all defendants. *Bartlett v. Honeywell Int'l Inc.*, --- F. App'x ---, ---, 2018 WL 2383534, at *2 (2d Cir. May 25, 2018) ("Diversity jurisdiction is present when there is complete diversity between the parties . . . ." (citing 28 U.S.C. § 1332(a))); *Pa. Pub. Sch. Emps.' Ret. Sys. v. Morgan Stanley & Co.*, 772 F.3d 111, 117–18 (2d Cir. 2014) ("Subject matter jurisdiction is based on 28 U.S.C. § 1332, which requires 'complete diversity,' *i.e.* all plaintiffs must be citizens of states diverse from those of all defendants."). In order for a court to have jurisdiction, diversity of citizenship need only exist at the time the action is commenced. *Dukes ex rel. Dukes v. New York City Emps.' Ret. Sys., & Bd. of Trustees*, 581 F. App'x 81, 82 (2d Cir. 2014) (first citing 28 U.S.C. § 1332(a); and then citing *Linardos v. Fortuna*, 157 F.3d 945, 948 (2d Cir. 1998)). The party asserting diversity jurisdiction bears the burden of proving that it exists by a preponderance of the evidence. *Aurecchione v. Schoolman Transp. Sys., Inc.*, 426 F.3d 635, 638 (2d Cir. 2005) (citing *Luckett v. Bure*, 290 F.3d 493, 497 (2d Cir. 2002)).

"For diversity purposes, a corporation is considered a citizen of the state in which it is incorporated and the state of its principal place of business."[13] *Bayerische*, 692 F.3d at 48 (citing 28 U.S.C. § 1332(c)(1)); *see also Hertz Corp. v. Friend*, 559 U.S. 77, 92–93 (2010) (holding that "'principal place of business' is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities"); *Carbotrade S.p.A. v. Bureau Veritas*,

---

[13] A limited liability company "takes the citizenship of each of its members." *Bayerische Landesbank, New York Branch v. Aladdin Capital Mgmt. LLC*, 692 F.3d 42, 49 (2d Cir. 2012); *Carter v. HealthPort Techs., LLC*, 822 F.3d 47, 60 (2d Cir. 2016) ("In general, the citizenship of a limited liability company is determined by the citizenship of each of its members.").

99 F.3d 86, 91 n.2 (2d Cir. 1996) ("In actuality, a corporation does not have domicile but instead has citizenship." (citation omitted)).

In contrast, an individual party's citizenship depends on his domicile. *Davis v. Cannick*, 691 F. App'x 673, 673 (2d Cir. 2017) (citing *Linardos*, 157 F.3d at 948).). Domicile is originally acquired at birth, *Linardos*, 157 F.3d at 948 (citing *Mississippi Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989)), and is "the place where a person has his true fixed home and principal establishment, and to which, whenever he is absent, he has the *intention* of returning," *d'Amico Dry Ltd. v. Primera Mar. (Hellas) Ltd.*, 886 F.3d 216, 226 n.8 (2d Cir. 2018) (quoting *Palazzo ex rel. Delmage v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000)). Consequently, residence alone is not determinative of domicile or citizenship. *See Caren v. Collins*, 689 F. App'x 75, 75 (2d Cir. 2017) ("Although the individual plaintiff and the individual defendants are alleged to be residents of certain States, such an allegation is insufficient to plead citizenship." (citations omitted)); *see also Kennedy v. Trustees of Testamentary Tr. of Will of Kennedy*, 633 F. Supp. 2d 77, 81 (S.D.N.Y. 2009) ("Domicile is not synonymous with residence; a party can reside in one place and be domiciled in another." (citing *Mississippi*, 490 U.S. at 47–49)), *aff'd*, 406 F. App'x 507 (2d Cir. 2010).

An individual may, however, change his domicile by taking up residence in a new state with the intent to remain there indefinitely. *Dukes*, 581 F. App'x at 82 ("To determine domicile, courts examine physical presence and intent to remain in that place indefinitely." (citing *Mississippi*, 490 U.S. at 48)). To determine an individual's "intent-to-remain," courts must look to the "totality of the evidence," considering, among other factors:

> current residence; voting registration; driver's license and automobile registration; location of brokerage and bank accounts; membership in fraternal organizations, churches, and other associations; places of employment or business; payment of taxes;

7

> whether a person owns or rents his place of residence; the nature of the residence (i.e., how permanent the living arrangement appears); and the location of a person's physician, lawyer, accountant, dentist, stockbroker, etc.

*New Canaan Capital Mgmt., LLC*, 2017 WL 1157153, at *4 (quoting *Kennedy*, 633 F. Supp. 2d at 81); *see also Palazzo*, 232 F.3d at 42 ("Questions as to a person's 'intent to change, or not to change, his domicile from [one state] to [another]' are 'factual' questions." (citations omitted)). The "party alleging that there has been a change of domicile has the burden of proving the 'required intent to give up the old and take up the new domicile, coupled with an actual acquisition of a residence in the new locality,' and must prove those facts 'by clear and convincing evidence.'"[14] *Palazzo*, 232 F.3d at 42 (alterations omitted) (quoting *Katz v. Goodyear Tire & Rubber Co.*, 737 F.2d 238, 243–44 (2d Cir. 1984)).

### b. The Court lacks subject matter jurisdiction

Plaintiff alleges that the Court has diversity jurisdiction because he *now* resides in and is a citizen of South Carolina. (Am. Compl. ¶¶ 8–9.) Plaintiff thus argues that there is complete diversity based on the parties' current citizenship. (*Id.* ¶ 10.)

Defendants first contend that a party's citizenship for purposes of diversity jurisdiction is determined at the commencement of the litigation, i.e. the initial filing of the complaint. (Sprint Def. Mem. 7.) In addition, Defendants argue that Plaintiff has failed to demonstrate a change in domicile both in form and substance. (*Id.* at 8–9.)

---

[14] The Second Circuit has clarified that "the factual questions that inform a determination as to federal jurisdiction need not be submitted to a jury and may be resolved by the Court." *Palazzo ex rel. Delmage v. Corio*, 232 F.3d 38, 42–43 (2d Cir. 2000) (first citing *Katz v. Goodyear Tire & Rubber Co.*, 737 F.2d 238, 242 n.2 (2d Cir. 1984); and then citing *Sligh v. Doe*, 596 F.2d 1169, 1171 (4th Cir. 1979)).

### i. Plaintiff fails to demonstrate that he was domiciled in South Carolina at the commencement of the action

A party's domicile is determined at the commencement of the action. *See LeBlanc v. Cleveland*, 248 F.3d 95, 100 (2d Cir. 2001) (holding that "an amendment to allege diversity jurisdiction relates back . . . , and therefore . . . [a party's] citizenship [is assessed] at the time the complaint was first filed"); *see also Grupo Dataflux v. Atlas Glob. Grp., L.P.*, 541 U.S. 567, 574 (2004) ("[w]here there is *no* change of party, a jurisdiction depending on the condition of the party is governed by that condition, as it was at the commencement of the suit" (citation omitted)).

Plaintiff fails to demonstrate that he was domiciled in South Carolina at the time of the filing of the original Complaint — when this action was commenced. Following the dismissal of the original Complaint for lack of subject matter jurisdiction, Plaintiff filed an Amended Complaint against all Defendants and reiterated that all Defendants, except Gerald Reyes, are citizens of New York. (*See* Am. Compl. ¶¶ 6, 20–31.) Plaintiff alleges in the Amended Complaint that he is *now* a citizen of South Carolina. Even if true, domicile is determined at the time of the filing of the original Complaint. *See Wright v. Musanti*, 887 F.3d 577, 584 (2d Cir. 2018) ("In an action in which jurisdiction is premised on diversity of citizenship, diversity must exist at the time the action is commenced" (quoting *Universal Licensing Corp. v. Paola del Lungo S.p.A.*, 293 F.3d 579, 581 (2d Cir. 2002)); *Drake v. Lab. Corp. of Am. Holdings*, 323 F. Supp. 2d 449, 451 (E.D.N.Y. 2004) ("Jurisdiction is assessed 'as of the moment the complaint was filed,' even if a complaint is later amended to assert diversity jurisdiction" (citations omitted)); *Chamarac Properties, Inc. v. Pike*, No. 86-CV-7919, 1992 WL 332234, at *13 (S.D.N.Y. Nov. 2, 1992) (finding that "as to the original defendants, there is no question that the action was commenced against them with the filing of the original complaint" rather than the

amended complaint). At the commencement of this action, Plaintiff alleged that he was domiciled in New York, thereby defeating diversity between the parties. Accordingly, the Court lacks diversity jurisdiction over this action.

### ii. Plaintiff fails to demonstrate a change in domicile

Even if the domicile of the parties were determined after commencement of the action, Plaintiff fails to demonstrate that he is now a domiciliary of South Carolina. By relying on diversity jurisdiction, Plaintiff bears the initial burden of proving its existence by a preponderance of the evidence. *Aurecchione*, 426 F.3d at 638. As the party alleging a *change* of domicile, Plaintiff must also prove that he now resides in South Carolina with the intent to remain there by "clear and convincing evidence." *Palazzo*, 232 F.3d at 42. Plaintiff has done neither. By his own admission, as evidenced by the affirmation of service of his opposition brief, Plaintiff resides in Brooklyn, NY. (Pl. Affirmation of Service, Docket Entry No. 23.) While residence alone is not dispositive of domicile, Plaintiff offers no evidence to demonstrate that he resides in South Carolina — let alone with the intent to remain there. Nor does he attempt to rebut Defendants' assertions that the proffered South Carolina address provided does not exist. (*See generally* Pl. Opp'n (failing to discuss diversity jurisdiction at all).) Plaintiff may not circumvent the jurisdictional requirements of 28 U.S.C. § 1332 by artful pleading. Even if Plaintiff's newly alleged domicile could be the proper basis for assessing diversity jurisdiction — which it is not — , the Court would still lack subject matter jurisdiction because Plaintiff fails to provide sufficient evidence that he is now a domiciliary of South Carolina.

### c. Leave to amend would be futile

"[I]n light of the solicitude accorded *pro se* litigants," *Pearson v. Reid-Robinson*, 632 F. App'x 19 (2d Cir. 2016), the Court provided Plaintiff with an opportunity to amend the original Complaint to cure any jurisdictional defects, including through the dismissal of any non-diverse

parties, (April 2017 Decision 5). Despite being granted leave to amend, Plaintiff did not dismiss any non-diverse parties in the Amended Complaint.

Pursuant to Rule 21 of the Federal Rules of Civil Procedure, district courts are "permit[ed] . . . to dismiss claims against a dispensable nondiverse party to preserve diversity jurisdiction." *Knox v. Countrywide Bank*, 673 F. App'x 31, 33 (2d Cir. 2016) (citing *Call Ctr. Techs., Inc. v. Grand Adventures Tour & Travel Pub. Corp.*, 635 F.3d 48, 51 (2d Cir. 2011)). Dismissal of the action without leave to amend, however, is warranted where jurisdictional defects can only be cured by dismissing indispensable parties. *See Pearson*, 632 F. App'x at 19.

In determining whether parties are indispensable, Rule 19(b) of the Federal Rules of Civil Procedure sets forth four considerations which have been restated as: "(1) whether a judgment rendered in a person's absence might prejudice that person or parties to the action, (2) the extent to which any prejudice could be alleviated, (3) whether a judgment in the person's absence would be adequate, and (4) whether the plaintiff would have an adequate remedy if the court dismissed the suit." *Marvel Characters, Inc. v. Kirby*, 726 F.3d 119, 133 (2d Cir. 2013) (quoting *CP Sols. PTE, Ltd. v. Gen. Elec. Co.*, 553 F.3d 156, 159 (2d Cir. 2009)). Courts must apply these four factors in a flexible manner. *CP Sols.*, 553 F.3d at 159 ("[A] court should take a flexible approach when deciding what parties need to be present for a just resolution of the suit." (citation omitted)). None of the four factors is dispositive or necessary. *Universal Reinsurance Co. v. St. Paul Fire & Marine Ins. Co.*, 312 F.3d 82, 88–89 (2d Cir. 2002) ("Rule 19(b), however, does not require that every factor support the district court's determination."). Ultimately, taking these factors into consideration, courts must determine "whether, in equity and good conscience," the action may proceed in the absence of the party in question. Fed. R. Civ. P. 19(b); *Curley v. Brignoli, Curley & Roberts Assocs.*, 915 F.2d 81, 90 (2d Cir. 1990) ("Whether a person is

'indispensable,' that is, whether a particular lawsuit must be dismissed in the absence of that person, can only be determined in the context of a particular litigation." (citation omitted)).

At least a few of the non-diverse parties in this action, including Defendants Sprint, Oval, Maor, and Garvey, are indispensable. Plaintiff seeks to void any contracts, including settlements, entered into by Defendant Gerald Reyes and non-diverse Defendants Sprint, Oval, Maor, and Garvey. (*See generally* Am. Compl.) Courts, however, have consistently held that "in an action to set aside . . . a contract, all parties who may be affected by the determination of the action are indispensable." *Kulawy v. United States*, 917 F.2d 729, 736 (2d Cir. 1990) (citation and internal quotation marks omitted); *Interested Lloyd's Underwriters v. Ross*, No. 04-CV-4381, 2005 WL 2840330, at *7 (S.D.N.Y. Oct. 28, 2005) ("Because a plaintiff must join all parties to any contract sought to be set aside, this case cannot proceed in the absence of [a party to the contract]." (citing *Crouse–Hinds Co. v. InterNorth, Inc.*, 634 F.2d 690, 701 (2d Cir. 1980)); *Vedder Price Kaufman & Kammholz v. First Dynasty Mines, Ltd.*, No. 01-CV-3970, 2001 WL 1190996, at *2 (S.D.N.Y. Oct. 9, 2001) ("Several courts have held that Rule 19(b) requires dismissal of an action to set aside a contract where all parties cannot be joined." (first citing *Acton Co. v. Bachman Foods, Inc.*, 668 F.2d 76, 81–82 (1st Cir. 1982), then citing *Crouse–Hinds,* 634 F.2d at 701)).

An analysis under the 19(b) factors also counsels against dismissal of the non-diverse Defendants.[15] As an initial matter, such dismissals will prejudice Defendants who entered into the various agreements and settlements with Gerald Reyes. *See Legal Aid Soc'y v. City of New*

---

[15] Whether Wells Fargo, described as a "foreign trust," is a diverse citizen is unclear from the allegations in the Amended Complaint. (Am. Compl. ¶¶ 39–40.) Plaintiff also separately alleges that all Defendants, including presumably Wells Fargo, are citizens of New York. (*Id.* ¶ 90 ("Defendants are all citizens of the State of New York.").) The Court assumes that Plaintiff means all Defendants other than Defendant Gerald Reyes.

12

*York*, 114 F. Supp. 2d 204, 221 (S.D.N.Y. 2000) (describing prejudice to parties to contracts from invalidation of their entered into agreements as "obvious"); *see also MasterCard Int'l Inc. v. Visa Int'l Serv. Ass'n, Inc.*, 471 F.3d 377, 386 (2d Cir. 2006) (explaining absent non-parties' "abilit[ies] to protect [their] interest in [contracts to which they entered] would have been seriously impaired if [they] were not made . . . part[ies] to the action"); *see also 2 Montauk Highway LLC v. Glob. Partners LP*, 296 F.R.D. 94, 101 (E.D.N.Y. 2013) (finding any judgment that would impact ownership rights in property in question would "clearly prejudice" entities "who claim exclusive ownership in the property").

The prejudice to the non-diverse Defendants also cannot be lessened by shaping any relief as against Defendant Gerald Reyes alone because a final judgment pursuant to Article 15 of RPAPL requires a declaration as to the validity of any claims or interests to the Property.[16] *See* N.Y. Real Prop. Acts. Law § 1521(1) ("Final judgment in the action shall declare the validity of any claim to any estate or interest established by any party to the action."); *see also* N.Y. Real Prop. Acts. Law § 1531(1) ("A final judgment in favor of either party, in an action brought as prescribed in this article, is conclusive, as to the title established in the action, against the other party, known or unknown . . . ."). If Defendants own the Property, as Plaintiff asserts, (*see* Am. Compl. ¶¶ 41, 58, 87–88, 99–100), their interests will be impacted by any such declaration. If, as Defendants contend, Sprint Group LLC ("Spring Group"), a non-diverse, non-party, owns the Property, (Sprint Mem. 12), joinder of that entity is required but would also destroy diversity. (*See also* Owners and Residents, annexed to Am. Compl. as Ex. B (listing Sprint Group as the owner of the Property)); *Am. Trucking Ass'n, Inc. v. New York State Thruway Auth.*, 795 F.3d

---

[16] The adjudication of any of Plaintiff's claims inherently require an assessment of the validity of current title. Accordingly, dismissal of some claims would not allow for the dismissal of the non-diverse Defendants.

13

351, 354 (2d Cir. 2015) (holding the "facts drawn from [the] complaint are presumed true" for purposes of determining whether parties are indispensable pursuant to Rule 12(b)(7)); *Artists Rights Enf't Corp. v. Estate of Robinson*, No. 15-CV-9878, 2017 WL 933106, at *4 (S.D.N.Y. Mar. 8, 2017) ("[A] court can consider matters outside of the pleadings, such as affidavits, in deciding a 12(b)(7) motion.").

Based on the requirements of RPAPL, any judgment in the absence of these interested parties would be inadequate.[17] *See* N.Y. Real Prop. Acts. Law § 1511(1) ("In an action brought under this article, the person in possession shall be made a party to the action, and when such person claims the right of possession, or an interest in the real property, under another, such other person shall also be made a party.").

All Defendants also appear amenable to suit in New York state court. *See 2 Montauk Highway*, 296 F.R.D. at 102 (holding state court to be adequate forum pre-discovery and where all claims were based on state law). Accordingly, the Court declines to dismiss any Defendants pursuant to Rule 21.

### III. Conclusion

For the foregoing reasons, the Court dismisses without prejudice Plaintiff's Amended Complaint in its entirety for lack of subject matter jurisdiction. *See Hollander v. Garrett*, 710 F. App'x 35, 36 (2d Cir. 2018) ("[D]ismissal for subject matter jurisdiction must be without prejudice." (citing *Hernandez v. Conriv Realty Assoc.*, 182 F.3d 121, 123 (2d Cir. 1999)); *see*

---

[17] Accordingly, Defendants would have been necessary parties pursuant to Rule 19(a) of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 19(a)(1)(A) (describing necessary parties to include those without whose presence "the court cannot accord complete relief among existing parties"); *see also Jonesfilm v. Lion Gate Int'l*, 299 F.3d 134, 139 (2d Cir. 2002) ("A party cannot be indispensable unless it is a 'necessary party' under Rule 19(a)." (citation omitted)).

14

*also United States v. Bond*, 762 F.3d 255, 263 (2d Cir. 2014) ("Subject matter jurisdiction is a 'threshold question that must be resolved . . . before proceeding to the merits.'" (quoting *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 88–89 (1998)). The Clerk of the Court is directed to close this case.

SO ORDERED:

_____s/ MKB_____
MARGO K. BRODIE
United States District Judge

Dated: July 9, 2018
      Brooklyn, New York